UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA D. DOWLING,<br><br>                        Petitioner,<br><br>        -against-<br><br>BRANDON J. BRODERICK,<br><br>                        Respondent. | |

                                    26-CV-4238 (LTS)

                                    TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who provides an address for herself in New Jersey, commenced this *pro se*

action by filing a document that she styles as a petition, in which she sues Brandon J. Broderick,

her attorney in a pending state-court action in New Jersey. For the following reasons, the Court

transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of

New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued. *See* 28 U.S.C. § 1391(c)(1).

Petitioner alleges that Respondent is representing her in a workers compensation

proceeding in New Jersey state court and that, on May 19, 2026, Respondent asked the state

court to be relieved from representing Petitioner in that action. Petitioner does not believe that

Respondent should be relieved of his representation of her. She does not plead the residence of Respondent, only asserting that the alleged events giving rise to her claims occurred at a court hearing at 60 State Street in Hackensack, New Jersey. Because Respondent is not alleged to reside in New York and because the alleged events occurred in New Jersey, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Petitioner's claims arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 27, 2026
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2